UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANETIRONY CLERVRAIN, | No. 2:18-cv-1716 DB P |
| Plaintiff, | |
| v. | ORDER |
| MARY M. MITCHELL, | |
| Defendant. | |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has been dismissed with leave to amend for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8. Pending now is plaintiff's motion for multidistrict litigation. (ECF No. 6.) Plaintiff's motion is convoluted and confusing. As best as the Court can determine, plaintiff moves to centralize the determination as to his *in forma pauperis* status in twenty-five unidentified cases and have them transferred to the Judicial Panel on Multidistrict Litigation (the "Panel").

The Court "has discretion to adjudicate motions for transfer [under 28 U.S.C. § 1404(a)] according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (citation and quotations omitted). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." § 1404(a). The Ninth

Circuit has outlined ten additional factors courts may consider in deciding a § 1404(a) transfer motion:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (8) the ease of access to sources of proof...[ (9) ] the presence of a forum selection clause...[and (10) ] the relevant public policy of the forum state, if any.

Id. at 498-99 (footnote omitted). The moving party bears the burden of establishing that a case should be transferred. Id. at 498.

Plaintiff's motion appears to challenge the Federal Bureau of Prisons' withdrawal of funds from plaintiff's trust account pursuant to 28 U.S.C. § 1915 following the judicial grant of plaintiff's unspecified motions to proceed *in forma pauperis*. Plaintiff claims this withdrawal of funds is contrary to the intent of Congress, the statute, his First Amendment rights, and the Administrative Procedures Act. Plaintiff, however, has not identified any of the other cases that he claims are related to this action. Moreover, in light of the recent dismissal of plaintiff's complaint, there is no operative pleading and no determination yet as to whether plaintiff has adequately plead a claim against any defendant. Accordingly, plaintiff has not demonstrated that centralization is warranted.

Furthermore, the Court takes judicial notice of an October 3, 2018, order from the Panel, In re Manetirony Clervrain Litigation – F. Supp. 3d –, 2018 WL 4905481 (J.P.M.L. Oct. 3, 2018), where plaintiff also filed a motion pursuant to 28 U.S.C. § 1407 that was based, in part, on this case. The Panel denied plaintiff's motion because "[t]he actions have little in common, as they involve such disparate matters as the conditions of plaintiff's confinement at various federal correctional facilities, the handling of plaintiff's mail, plaintiff's access to computers and legal resources, and the denial of plaintiff's naturalization application. Plaintiff has not demonstrated that centralization under 28 U.S.C. § 1407 is warranted." Id. at *1.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for multidistrict litigation (ECF No. 6) is DENIED.

Dated: December 4, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Routine/cler1716.mdl