UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>Plaintiff,<br><br>v.<br><br>MARY M. MITCHELL, et al.,<br><br>Defendants. | No. 2:18-cv-1716 DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a federal prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On December 5, 2018, plaintiff's first amended complaint was dismissed for failure to comply with the directive of Federal Rule of Civil Procedure 8 that the pleading provide only "a short and plain statement of the claim." (ECF No. 25.) Instead, plaintiff's 200+ page pleading was so confusing and convoluted that it was virtually impossible to identify plaintiff's claims. Plaintiff was, however, granted leave to amend.

Plaintiff has now filed three motions that, liberally construed, object to the screening order's conclusion that the first amended complaint should be dismissed. (ECF Nos. 27-29.) On review, the Court construes two of these motions as motions for reconsideration of a magistrate judge's order by a district judge pursuant to Local Rule 303(c). Accordingly, the Court will convert its screening order to findings and recommendations.

1

Plaintiff has also filed several other motions, which, like the first amended complaint, are difficult to decipher. For example, in a motion titled "Motion for Intervention and California Officials Performance Act," plaintiff seeks "the issuance ordinance under Fed. R. Civ. P. 15 and to the laws with respect to the controversy allegations for all the secretary of all the states to intervene to perform their duties in accordance to the Act established by Congress." (ECF No. 31.) In his motion titled "Motion for Intervention and California Deportable Act," plaintiff takes issue with the "Illicit Trafficking Second Chances Act," which he claims is unconstitutionally ambiguous and vague. (ECF No. 32.) And in his motion titled "Motion for Contribution and California Financial Burdens Act," plaintiff challenges the "federal officials' practice of apartheid and criminal enterprise." (ECF No. 30.) Because the nature of those motions is unclear, each will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall assign a district judge to this case;
2. Plaintiff's December 26, 2018, motions (ECF Nos. 27, 28, and 29) are construed as motions for reconsideration pursuant to Local Rule 303(c);
3. Plaintiff's January 15, 2019, motions (ECF Nos. 30, 31, and 32) are DENIED; and

IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint be dismissed with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections.

////

////

////

////

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2019

                              DEBORAH BARNES
                              UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/cler1716.recons_misc